United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 12, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-51615
Summary Calendar

DAWN HERNANDEZ,

Plaintiff-Appellant,

versus

JO ANNE B BARNHART, Commissioner,
Social Security Administration,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(04-CV-1070)

Before STEWART, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The issue before this court is whether the district court abused its discretion when denying

Dawn Hernandez's claim for attorney's fees under the Equal Access to Justice Act ("EAJA"). § 28

U.S.C. 2414. For the following reasons, we affirm.

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Hernandez filed a claim for supplemental security income benefits ("SSI"), pursuant to Title XVI of the Social Security Act ("Act"), 42 U.S.C. § 1382c, alleging that she was unable to work because she had contracted hepatitis C and suffered from severe mental illness. Following statements from her doctor that she had a history of anxiety, the Disability Determination Service ("DDS") requested that Hernandez be evaluated by a licensed psychologist. The licensed psychologist concluded that Hernandez emotional state appeared average for her age but that she had some fatigue and memory problems. A state agency psychologist also reviewed Hernandez's records, concluding that Hernandez was not significantly limited in her mental abilities.

On May 14, 2004, the administrative law judge ("ALJ") issued a decision denying Hernandez's claim for SSI, holding that she had no severe impairments other than hepatitis C, borderline intellectual functioning, and carpal tunnel syndrome, and that her anxiety did not interfere with her ability to meet the demands of basic work activity. Hernandez then filed an application for administrative review, which was denied by the appeals council.

In December, 2004, Hernandez filed a complaint in district court seeking review of the Social Security Administration's ("commission") decision pursuant to 42 U.S.C. § 405(g). On August 22, 2005, the magistrate judge issued a recommendation that the district court affirm the commission's decision. Instead, on September 22, 2005, the district court vacated and remanded the commission's decision but held that Hernandez was not entitled to attorney's fees. Hernandez filed a motion for a new trial on the issue of attorney's fees. That motion was denied. Hernandez appeals on the issue of attorney's fees to this court under § 205(g) of the Act.

DISCUSSION

This court reviews a district court's decision regarding attorney's fees under the EAJA for abuse of discretion. *Spawn v. Western Bank-Westheimer*, 989 F.2d 830, 839 (5th Cir. 1993).

Under the EAJA, a court awards attorney's fees to any prevailing party—other than the United States—unless the court finds either that the position of the government was "substantially justified" or that such an award is unjust. 28 U.S.C. § 2412(d)(1)(A). In this case, the district court denied Hernandez's claim for attorney's fees, holding that the commission's position was substantially justified. In contrast, Hernandez argues that attorney's fees are proper because the government's position was not substantially justified.

The standard for determining whether the government's position is substantially justified is whether the position is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Hernandez argues that because the ALJ did not apply the six Social Security Administration ("SSA") treating physician factors nor accord enough weight to her physician's diagnosis, the government's position was substantially unjustified. There is no requirement that an ALJ apply the six SSA treating physician factors as long as there is an opinion of another examining physician providing a basis for a contrary opinion. *See Apfel*, 209 F.3d at 458. Additionally, this court has held that considerable weight can be given to the opinions of non-treating physicians, especially when the treating physician's evaluation is unsupported by the evidence. *Newton v. Apfel*, 209 F.2d 448, 456 (5th Cir. 2000). An ALJ can discount the weight of the opinions of treating physicians relative to the opinions of others if the treating physician's opinion and diagnosis is unsupported. *Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995).

There is ample evidence demonstrating that reasonable people could disagree as to whether Hernandez was eligible for SSI benefits. In assessing mental health claims, it would be reasonable to accord more weight to the opinion of a licensed mental health professional than a doctor who lacked comparable experience. The "opinion of a specialist is generally accorded greater weight than that of a non-specialist." *Apfel*, 209 F.3d at 455.

Even if the ALJ had applied the correct standard in reviewing Hernandez's claims, there is nothing in the record that suggests that the outcome would have been any different. An ALJ can accord considerable weight to the opinion of a non-treating physicians. The ultimate determination that more weight should have been given to the treating physician's opinion did not transform the government's position as to Hernandez's ineligibility for SSI benefits into one that can be characterized as substantially unjustified. Thus, the district court did not abuse its discretion by holding such.

Additionally, Hernandez argues the district court abused its discretion because it should have waited until she filed a formal application for attorney's fees before ruling on this issue. However, there is nothing in the EAJA or our cases to support the proposition that a district court must wait until a formal application for attorney's fees under the EAJA is made before ruling.

## CONCLUSION

Accordingly, we AFFIRM the district court's denial of attorney's fees.

AFFIRMED.

4